

PCM/KD
USAO #2024R00052

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| v. | *   CRIMINAL NO. BAH-24-65 |
| | * |
| **TAREEK TORBIT,** | *   (Conspiracy to Possess a Machine |
| **XZAVION COUPLIN,** | *   Gun, 18 U.S.C. §371; Unlawful |
| **ALPHONSE JONES, and** | *   Possession of a Machinegun, 18 U.S.C. |
| **MARCUS JOYNER,** | *   §922 (o); Possession of Firearms and |
| | *   Ammunition by a Prohibited Person, |
| **Defendants** | *   18 U.S.C. §922(g); Forfeiture, 18 |
| | *   U.S.C. § 924(d), 21 U.S.C. § 853(p), 26 |
| | *   U.S.C. § 5872, and 28 U.S.C. § 2461(c)) |
| | * |
| | * |

*******

## INDICTMENT

### COUNT ONE
**(Conspiracy to Possess a Machine Gun)**

The Grand Jury for the District of Maryland charges that:

Beginning on a date unknown to the Grand Jury, and continuing until on or about the date of this Indictment, within the District of Maryland, defendants

**TAREEK TORBIT,**
**XZAVION COUPLIN,**
**ALPHONSE JONES, and**
**MARCUS JOYNER,**

and others known and unknown to the Grand Jury, did knowingly and unlawfully combine, conspire, agree, and confederate with each other to commit offenses against the United States, that is, to knowingly and willfully engage in unlawfully possessing machine guns, in violation of Title 18, United States Code, Section 922(o).

18 U.S.C. § 371

## COUNT TWO
**(Unlawful Possession of a Machinegun)**

The Grand Jury for the District of Maryland further charges that:

On or about January 19, 2024, in the District of Maryland, the Defendant,

**TAREEK TORBIT,
ALPHONSE JONES, and
MARCUS JOYNER,**

knowingly possessed a machinegun as defined in 26 U.S.C. § 5845(a), that is, three blue conversion devices, two gold conversion devices, two black conversion devices, and one silver conversion device, designed and intended to shoot automatically more than one shot, without manually reloading, by a single function of the trigger, in violation of Title 18, United States Code, Section 922(o).

18 U.S.C. § 922(o)
26 U.S.C. § 5845(a)

## COUNT THREE
### (Possession of Firearms and Ammunition by a Prohibited Person)

The Grand Jury for the District of Maryland further charges that:

On or about January 19, 2024, in the District of Maryland, the Defendant,

**TAREEK TORBIT, and
ALPHONSE JONES,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, that is, a Glock Model 26, Gen 5, 9mm automatic pistol, bearing serial number AESS440; a Glock Model 23, .40 caliber semi-automatic pistol, bearing serial number BCSL501; Diamondback Arms Inc. Model DB15, 5.56x45mm NATO semi-automatic pistol, bearing serial number DB2901791; 19 rounds of .40 caliber ammunition; and 29 rounds of 9mm ammunition; and the firearms and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)

## FORFEITURE

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. 853(p), 26 U.S.C. 5872(a), and 28 U.S.C. § 2461(c), in the event of the Defendants' convictions under Counts One through Three of this Indictment.

### Firearms and Ammunition Forfeiture

2. Upon conviction of any of the offense(s) alleged in Counts One through Four of this Indictment, the Defendants,

> **TAREEK TORBIT,**
> **XZAVION COUPLIN,**
> **ALPHONSE JONES, and**
> **MARCUS JOYNER,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d), 26 U.S.C. 5872(a), and 28 U.S.C. § 2461(c), any firearms and ammunition involved in those offenses, including but not limited to:

a. a Glock Model 26, Gen 5, 9mm automatic pistol, bearing serial number AESS440;

b. a Glock Model 23, .40 caliber semi-automatic pistol, bearing serial number BCSL501;

c. a Diamondback Arms Inc Model DB15, 5.56x45mm NATO semi-automatic pistol, bearing serial number DB2901791;

d. approximately eight machinegun conversion devices;

e. approximately 19 rounds of .40 caliber ammunition; and

f. approximately 29 rounds of 9mm ammunition.

**Substitute Assets**

3. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853(p)
26 U.S.C. § 5872(a)
28 U.S.C. § 2461(c)

*Erek L. Barron /pem*
Erek L. Barron,
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
_____
Foreperson

2-28-24
_____
Date